**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: January 29 2007**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 05-33906 |
| | ) | |
| Richard A. Knerr, | ) | Chapter 7 |
| Leslie E. Knerr, | ) | |
| | ) | Adv. Pro. No. 05-3262 |
| Debtors. | ) | |
| | ) | Hon. Mary Ann Whipple |
| State Farm Mutual Automobile Co., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Richard A. Knerr, Jr., | ) | |
| | ) | |
| Defendant. | | |

### MEMORANDUM OF DECISION AND ORDER
### DENYING MOTION FOR SUMMARY JUDGMENT

This adversary proceeding is before the court on Defendant's Motion for Summary Judgment [Doc. # 7] and Plaintiff's Memorandum Contra [Doc. # 12] and Supplement to Plaintiff's Memoranda Contra [Doc. ## 16, 18]. Also before the court is Defendant's Reply and Motion to Strike Affidavit [Doc. # 13] and Plaintiff's response to that motion [Doc. # 14]. Defendant is a debtor in the underlying Chapter 7 case.

For the reasons that follow, Defendant's Motion to Strike Affidavit will be granted in part and denied in part, and the court will deny Defendant's Motion for Summary Judgment.

## BACKGROUND

In its complaint, Plaintiff alleges that, on or about December 30, 2003, Defendant willfully and maliciously placed a large boulder on State Route 51 in Lake Township, Wood County, Ohio, "with the intent of causing motorists to become involved in collisions associated with the subject boulder." [Doc. # 1, Complaint, ¶ 7]. Plaintiff further alleges that, on that date, its insured collided with the subject boulder while operating her vehicle and that it has paid to, or on behalf of, its insured the total sum of $2,510.72 and is subrogated in that amount to its insured's claims against Defendant. [*Id.*, ¶¶ 8, 9]. Plaintiff seeks a monetary judgment in that amount against Defendant and a determination that such debt is nondischargeable under 11 U.S.C. § 523(a)(6).

Defendant denies those allegations [Answer, ¶ 3]. He moves for summary judgment based upon his affidavit that he has no knowledge of the incident that resulted in the damages set forth in Plaintiff's complaint and did nothing, directly or indirectly, that caused those damages. [Doc. # 7, Motion for Summary Judgment, Def. Aff.].

Plaintiff responds by offering a state court indictment, charging Defendant with six separate offenses of putting large rocks in the path of a vehicle. [Doc. # 12, Mem. Contra, Ex. B]. It also offers the affidavit of Sergeant Mark Roguls, wherein he states as follows:

> 1. On January 10, 2004, I was employed as a Sergeant with the Ohio State Highway Patrol. I am still so employed today.
>
> 2. Prior to January 10, 2004, I was part of a team investigating a series of incidents occurring within approximately a two mile radius of Mile Marker 2, which mile marker is located on State Route 51, in or around Lake Township, Wood County, Ohio ("Mile Marker 2").
>
> 3. The series of incidents involved unknown individuals placing large rocks and/or boulders on the roadway, causing unsuspecting motorists to run into them with their vehicles.
>
> 4. From November 23, 2003 to January 10, 2004, 14 such incidents occurred within approximately a two mile radius of Mile Marker 2.
>
> 5. The Modus Operandi was essentially the same. A large rock/boulder was placed on a roadway situated within approximately a two mile radius of Mile Marker 2, and the rock/boulder would be struck by a passing motorist.

2

6. On January 10, 2004, we staked out the area at issue and witnessed the Defendant, Richard A. Knerr, Jr., driving a vehicle with Michael A. Lambert as a passenger. The vehicle was seen stopping at a location where there had previously been no obstruction on the roadway.

7. After the vehicle drove off, the investigators went to the location where the vehicle had stopped and the investigators found a large rock/boulder on the roadway.

8. Michael A. Lambert admitted to the investigators that he and Richard A. Knerr, Jr., had placed the rock/boulder on the roadway.

9. This incident occurred less than 200 yards from Richard A. Knerr, Jr.'s, residence.

10. I, along with the rest of the investigative team, apprehended the suspects and placed them under arrest.

11. Since the time of the two individuals' arrest[s], the series of incidents occurring within approximately a two mile radius of Mile Marker 2, wherein large rocks/boulders were being placed on the roadway, has stopped.

12. Through my investigation and years of experience in law enforcement, it is my opinion that Richard A. Knerr, Jr., was involved in the aforementioned string of incidents on or around State Route 51.

[*Id.,* Ex. A].

Plaintiff also offers the affidavit of Michael Lambert wherein he states in relevant part as follows:

2. On January 10, 2004, I was a passenger in a vehicle driven by Defendant, Richard A. Knerr, Jr.

3. On January 10, 2004, Defendant, Richard A. Knerr, Jr., stopped the vehicle Mile Marker 2, which mile marker is located on State Route 51, in or around Lake Township, Wood County, Ohio ("Mile Marker 2").

4. Defendant, Richard A. Knerr, Jr., asked me to exit the vehicle and place a large boulder onto the roadway. I was informed by Defendant, Richard A. Knerr, Jr., that he was enacting a prank on his cousin and/or friend.
. . . .
6. I was not involved in and had no knowledge regarding any other incident(s) committed by Defendant, Richard A. Knerr, Jr.

[Doc. # 18, ¶¶ 2-4].

## LAW AND ANALYSIS

### I. Motion to Strike Affidavit

Defendant moves to strike the affidavit of Sergeant Mark Roguls, arguing that it contains inadmissible hearsay, character evidence and statements of opinion, as well as statements of which Roguls has no personal knowledge and which are irrelevant to the issues before the court. Federal Rule of Civil Procedure 56(e), made applicable to this proceeding by Federal Rule Bankruptcy Procedure 7056, provides that affidavits offered in support of, or in opposition to, a motion for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters stated therein."

Notwithstanding Rogul's statement that he has personal knowledge of the averments in the affidavit, Defendant argues that the only statements based upon Roguls' personal knowledge are statements regarding his observations on January 10, 2004, contained in paragraphs 6 and 7 of the affidavit. However, Roguls was a member of a law enforcement team charged with investigating a series of incidents occurring on State Route 51 in Lake Township, Wood County, Ohio. Paragraphs one through five simply set forth the fact of and the basis for that investigation, and paragraphs ten and eleven set forth events, or the lack thereof, during the course of his investigation, facts to which Roguls is competent to testify given his position relating to that investigation.

Federal Rule of Evidence 801(c)[1] defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."
The court agrees that Roguls' statement as to what Michael Lambert told investigators in paragraph eight is inadmissible hearsay. *See* Fed. R. Evid. 801(c). As such, paragraph eight will be stricken.

The court also finds that paragraph twelve contains inadmissible opinion testimony. He is not entitled to offer his opinion as a lay witness since his opinion is based on specialized knowledge (i.e. his investigation and years of experience in law enforcement). *See* Fed. R. Evid. 701 (limiting opinion testimony by lay witnesses to those opinions which, among other things, are "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702). And no facts are presented upon which the court can base a finding that Rogul qualifies as an expert (i.e. length of experience in law enforcement and involvement in similar investigations). *See* Fed. R. Evid. 702. As such, paragraph twelve

---

[1] The Federal Rules of Evidence apply to proceedings before bankruptcy judges and to cases under the Bankruptcy Code. Fed. R. Bankr. P. 9017; Fed. R. Evid. 101, 1101.

4

will be stricken.

Defendant also argues that Roguls' statements constitute inadmissible character evidence. Evidence of other crimes, wrongs, or acts is not admissible to prove character as a basis for suggesting the inference that the defendant's conduct on a particular occasion was in conformity with such character. *See* Fed. R. Evid. 404(b). However, Rule 404(b) specifically authorizes the use of such evidence where the evidence is offered to prove a relevant fact other than conforming conduct. Thus, evidence of other crimes, wrongs, or acts is admissible "as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . ." Fed. R. Evid. 404(b). "The prior acts generally must be relevant to a matter at issue and must be substantially similar to, and near in time to, the offense charged. . . ." *United States v. Abboud,* 438 F.3d 554, 582 (6th Cir. 2006). In addition, the probative value of the evidence must not be substantially outweighed by the danger of unfair prejudice. *See id.* at 581.

In this case, Plaintiff offers Roguls' statements regarding Defendant's acts that occurred on January 10, 2004, for the legitimate purpose of showing a modus operandi identifiable with Defendant. *See United States v. Baldwin*, 418 F.3d 575, 581 (6th Cir. 2005). Defendant's acts are substantially similar to those alleged in the complaint in this proceeding, that is, that he placed a large boulder on the roadway of State Route 51 in Lake Township, Wood County, Ohio. The acts occurring on January 10, 2004, are also sufficiently near in time to the December 30, 2003, occurrence alleged in the complaint. This evidence is relevant to the identity of the perpetrator of the December 30, 2003, incident and the court finds that it is not outweighed by the danger of unfair prejudice, especially in light of the fact that the court is the factfinder in this case and is capable of using the evidence in a proper manner. As such, the court finds evidence of Defendant's subsequent acts admissible for the purpose of proof of identity.

Finally, Defendant moves to strike Plaintiff's exhibit B, the state court indictment, arguing that it is inadmissible hearsay and has not resulted in any plea or conviction. Plaintiff does not respond to this argument. Because an indictment "is not evidence of any kind against a defendant" and "does not create any presumption or permit any inference of guilt," *United States v. Garcia*, 562 F.2d 411, 416 (7th Cir. 1977); *see also Kentucky v. Long*, 837 F.2d 727, 740 n.5 (6th Cir. 1988), the court will strike Plaintiff's exhibit B. **II. Motion for Summary Judgment**

Under Rule 56 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, summary judgment is proper only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In reviewing a motion for summary judgment, however, all inferences "must be viewed in the light most

5

favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-88 (1986). The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, "and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party has met its initial burden, the adverse party "may not rest upon the mere allegations or denials of his pleading but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue for trial exists if the evidence is such that a reasonable factfinder could find in favor of the nonmoving party. *Id*.

In its complaint, Plaintiff alleges that its insured suffered damages as a result of Defendant willfully and maliciously placing a boulder in the road with the intent of causing harm to motorists. It seeks a determination that Defendant owes it a debt for the funds paid to its insured in the amount of $2,510.72 and that the debt is nondischargeable under § 523(a)(6) of the Bankruptcy Code. That section provides that a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity" is not dischargeable. 11 U.S.C. § 523(a)(6).

In support of his motion for summary judgment, Defendant relies solely on his affidavit wherein he states that he has no knowledge of, and took no actions causing, the damages set forth in Plaintiff's complaint. Plaintiff counters with affidavit testimony that Defendant engaged in virtually identical activity in the same vicinity as that alleged in the complaint just eleven days after the incident in which Plaintiff's insured was involved. In addition, although fourteen such incidents had occurred in that vicinity over approximately a six week period, after Defendant's arrest, no further incidents occurred. This evidence constitutes circumstantial evidence of the identity of the perpetrator of the acts alleged in Plaintiff's complaint and is sufficient to show a genuine issue for trial. *See United States v. Ferguson*, 211 F.3d 878, 884 (5th Cir.2000) ("Identity may be proved through inference and circumstantial evidence"); *accord United States v. Anglin*, 169 F.3d 154, 159 (2d Cir. 1999); *Dell v. Straub,* 194 F. Supp. 2d 629, 648 (E.D. Mich. 2002). While Defendant's testimony, if believed, may defeat Plaintiff's claim, the court may not make credibility determinations on summary judgment. *See Bennet v. City of Eastpointe*, 410 F.3d 810, 817 (6th Cir. 2005). Rather, all facts and inferences must be viewed in a light most favorable to the non-moving party. *Zenith Radio Corp.*, 475 U.S. at 586-88.

**THEREFORE**, for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Defendant's Motion to Strike [Doc. #13] be, and hereby is, **GRANTED in**

6

**part** and **DENIED in part** as set forth in this opinion; and

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment [Doc. #7] be, and hereby is, **DENIED**; and

**IT IS FINALLY ORDERED** that under Fed. R. Civ. P. 16(a) the court will hold a further pretrial scheduling conference on **February 13, 2007, at 10:00 o'clock a.m.**, at which a trial date will be set. Counsel may appear by telephone with 24 hours advance notice to the court.