**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: August 23 2007

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 05-33906 |
| | ) | |
| Richard A. Knerr, Jr., and | ) | Chapter 7 |
| Leslie E. Knerr | ) | |
| | ) | Adv. Pro. No. 05-3262 |
| Debtors. | ) | |
| | ) | Hon. Mary Ann Whipple |
| State Farm Mutual Automobile | ) | |
| Insurance Company, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Richard A. Knerr, Jr., | ) | |
| | ) | |
| Defendant. | | |

## MEMORANDUM OF DECISION

This adversary proceeding is before the court for decision after trial on a complaint filed by Plaintiff State Farm Mutual Automobile Insurance Company ("State Farm") to determine the dischargeability of a debt allegedly owed to it by Defendant Richard A. Knerr ("Defendant"). Defendant is a debtor in the underlying Chapter 7 case. State Farm alleges that the debt should be excepted from discharge under 11 U.S.C. § 523(a)(6).

The court has jurisdiction over this adversary proceeding under 28 U.S.C. §1334(b) and the general order of reference entered in this district. Proceedings to determine dischargeability of debts are core proceedings that the court may hear and decide. 28 U.S.C. § 157(b)(1) and (b)(2)(I). This Memorandum of Decision constitutes the court's findings of fact and conclusions of law under Fed. R. Civ. P. 52, made applicable to this adversary proceeding by Fed. R. Bankr. P. 7052. Regardless of whether specifically referred to in this Memorandum of Decision, the court has examined the submitted materials, weighed the credibility of the witnesses, considered all of the evidence, and reviewed the entire record of the case. Based upon that review, and for the reasons discussed below, the court finds that Defendant is entitled to judgment on the complaint.

## FINDINGS OF FACT

On December 30, 2003, at approximately 1:00 a.m, Deborah Pocino was driving westbound on State Route 51 in Lake Township, Ohio. According to Pocino, she was traveling at approximately 50 miles per hour over a bridge when the car in front of her suddenly swerved to the left. She then saw a large shape in the road that she could not identify but was unable to also swerve out of the way due to another car approaching from the opposite direction. Pocino's vehicle struck the object and went airborne before landing near the approaching intersection. Pocino testified that she had driven eastbound on State Route 51 earlier that evening between 11:00 p.m. and midnight and had not noticed a boulder in the road. Damage to her car included a cracked engine, oil leakage and a damaged front bumper.

After the collision, Pocino searched, albeit in the dark, for the object hit by her car. Although she found nothing, an Ohio State Highway Patrolman, Trooper Fitzgerald, arrived and conducted a search. Approximately 30 feet from Pocino's vehicle, Trooper Fitzgerald found a boulder, approximately two feet by three feet in size, on the grassy embankment on the side of the road. Fitzgerald testified that abrasions on the rock were consistent with the damages to Pocino's vehicle. He further testified that he ruled out the possibility that Pocino had hit an animal since there was no fur, tissue or any other evidence of such on her vehicle.

Trooper Fitzgerald testified that he was specially trained in traffic crash investigations and was employed in that capacity by the Ohio State Highway Patrol. He testified that he was involved in five to seven other crash investigations involving vehicles hitting rocks in the road that had occurred since November 2003, all of which occurred between 11:00 p.m and 7:00 a.m. within a one mile stretch on State Route 51. In all but one investigation, he saw the rock that caused the crash. He testified that the rocks

2

were multi-colored landscape rocks and ranged in size, the smallest being about the size of a large medicine ball and the largest being approximately two feet in diameter. According to Trooper Fitzgerald, the rock involved in the December 30 incident was large and could have taken two people to lift.

The vehicle, owned by Pocino's husband, was insured by State Farm. State Farm ultimately determined that the cost of the repairs were not warranted given the value of the car and paid its insured $2,427 on account of the damages, which represented the agreed market value of the vehicle plus car rental costs.

Another incident occurred on January 10, 2004. On that date, Defendant's friend, Michael Lambert, went to Defendant's home, which is located off State Route 51 in the same area as the crashes that were the subject of the investigations discussed above. Because Defendant works until 11:00 p.m., Lambert did not arrive until approximately 11:30 p.m. After a couple of hours, they left Defendant's home. Defendant drove his car with Lambert as a passenger. Lambert testified that Defendant had told him that someone had pulled a prank on Defendant and that Defendant wanted to pull a prank on that person by putting a rock in the road on State Route 51. Lambert testified that they drove around for quite awhile looking for a rock. When they found one, Lambert put the rock in the car. They drove back onto State Route 51 and Lambert placed the rock on the road so that it protruded into the eastbound lane of the road. Lambert testified that this was the only time he was ever involved in such an activity with Defendant.

Defendant also testified regarding the January 10 incident. He testified that a friend had played a prank on him by flattening all of the tires on his car. According to Defendant, his neighbor had told him about the rock incidents that had been occurring on State Route 51. Defendant decided to pull a similar prank on his friend who he knew was at a nearby bar. He testified that he drove around with Lambert until they found a rock on a back road. He denied getting the rock from a nearby landscaping company. Defendant also testified, which testimony the court finds credible, that he is unable to lift heavy objects because of neck and back problems due to degenerative disk disorder. Although he works at Daimler Chrysler, he had been off work for much of 2003 due to his back problems. He further testified that he has no knowledge regarding the December 30, 2003, incident involving the Pocino vehicle and had never before put rocks on State Route 51. Defendant asserted that the January 10 incident was "the only time [he] was ever involved in that kind of activity."

Shortly after Lambert placed the rock on State Route 51 on January 10, both he and Defendant were arrested. Both admitted their guilt, and Defendant testified that he was convicted of a fourth degree felony in relation to that incident.

## LAW AND ANALYSIS

State Farm alleges that its insured suffered damages on December 30, 2003, as a result of Defendant willfully and maliciously placing a boulder in the road with the intent of causing harm to motorists. It seeks a determination that Defendant owes it a debt for the funds paid to its insured in the amount of $2,427.00 and that the debt is nondischargeable under § 523(a)(6) of the Bankruptcy Code.

Section 523(a)(6) provides that a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity" is not dischargeable. 11 U.S.C. § 523(a)(6). In order to be entitled to a judgment that the debt is excepted from discharge, State Farm must prove by a preponderance of the evidence that the injury from which the debt arises was both willful and malicious. *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 463 (6th Cir. 1999); *J & A Brelage, Inc. v. Jones (In re Jones)*, 276 B.R. 797, 801-2 (Bankr. N.D. Ohio 2001). A willful injury occurs when "(i) the actor desired to cause the consequences of the act or (ii) the actor believed that the given consequences of his act were substantially certain to result from the act." *Monsanto Co. v. Trantham (In re Trantham)*, 304 B.R. 298, 307 (B.A.P. 6th Cir. 2004) (citing *Markowitz*, 190 F.3d at 464). Under § 523(a)(6), "'malicious' means in conscious disregard of one's duties or without just cause or excuse; it does not require ill-will or specific intent." *Id.* (citing *Wheeler v. Laudani*, 783 F.2d 610, 615 (6th Cir. 1986)).

The testimony in this case establishes by a preponderance of the evidence that State Farm's insured suffered damages to his car as a result of a boulder obstructing the westbound lane of State Route 51 on December 30, 2003, and that several similar incidents had occurred in the same area in the previous weeks. The testimony also establishes that Defendant, along with Lambert, caused a rock to be placed in the same area along State Route 51 on January 10, 2004. The court finds this evidence, however, insufficient to convince it by a preponderance of the evidence that Defendant is responsible for any of the previous rock incidents that occurred on State Route 51. State Farm presented no evidence connecting the January 10 incident to the earlier incidents and, specifically, to the December 30 incident involving the Pocino vehicle. Although Trooper Fitzgerald testified that the earlier incidents involved obstructions caused by multicolored landscaping rocks, there is no evidence regarding the type of rock placed on the road by Lambert at Defendant's direction. If a similar rock had been used, in light of the ongoing crash investigations at the time, that fact would have likely been noted by the investigating trooper and such information would have been available to State Farm. The court also finds it significant that, although the State Highway Patrol took possession of Defendant's vehicle and retained such possession for approximately five months, there is no evidence connecting any landscaping rocks from the earlier incidents to Defendant's vehicle. There is also

4

no testimony as to whether, after Defendant's arrest and conviction, the rock incidents on State Route 51 ceased or whether they continued to occur, a fact the court finds important in drawing any inferences from the circumstantial evidence presented. Finally, the court credits Defendant's testimony regarding his degenerative disk disorder and, thus, his inability to lift a boulder of the size described by Pocino and Trooper Fitzgerald that obstructed State Route 51 on December 30, 2003, even with the help of a second person. The court concludes that State Farm has failed to meet its burden of proving that the January 10, 2004, incident for which Defendant is responsible was anything more than a one-time foolish and dangerous prank.

## **CONCLUSION**

For the reasons discussed above, the court finds that State Farm has failed to meet its burden under 11 U.S.C. § 523(a)(6) and that Defendant is entitled to judgment on the complaint. A separate judgment in accordance with this Memorandum of Decision will be entered by the court.

5